# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HENRY BECKHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. CV 11-7668 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Johnny Henry Beckham ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physician, Dr. Gabriel Rubanenko. (Joint Stip. at 3-6, 16-17.) The Court agrees with Plaintiff for the reasons discussed below.

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as

an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

    A.    The ALJ's Rejection of Dr. Rubanenko's Treating Opinion

As a preliminary matter, the Court notes that the ALJ's decision does not clearly reject Dr. Rubanenko's opinion, much less provide reasons for doing so.

On one hand, presumably some of the work restrictions assigned by Dr. Rubanenko[1] were rejected because they are not reflected in the ALJ's Residual Functional Capacity ("RFC") determination.[2] For instance, entirely omitted from the RFC determination are Dr. Rubanenko's requirements that Plaintiff be allowed to shift positions at will, take unscheduled hourly breaks, and be absent more than

---

[1] According to Dr. Rubanenko, Plaintiff can occasionally lift and/or carry 10 pounds, stand and/or walk for at least two of an eight hour day, sit for less than six of an eight hour day, and reach only occasionally. (*See* AR at 1247-49.) Further, Plaintiff must be allowed to shift positions at will, take unscheduled hourly breaks, and be absent for more than three days per month. (*Id.*) As for postural restrictions, Plaintiff must never bend, climb, crouch, balance, or crawl, and can only occasionally kneel. (*Id.*)

[2] The ALJ found that Plaintiff "has the [RFC] to perform light exertional level work . . . with the capacity to lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk for two hours in an eight-hour workday with frequent breaks in standing, sit for six hours in an eight-hour workday, perform postural activities occasionally with the upper extremities, and climb on an occasional basis, and the claimant cannot engage in bilateral reaching above the shoulder level." (AR at 24.)

2

1  three times per month. (*Compare* AR at 1247-49 *with* AR at 24.) That Dr.
2  Rubanenko's opinion was rejected is a conclusion also suggested by the ALJ's
3  different limitations regarding Plaintiff's abilities to sit and lift. (*Compare* AR at
4  1247-49 (limiting Plaintiff to sitting for *less than* six hours of an eight hour day, and
5  occasionally lifting and/or carrying *10 pounds*) *with* AR at 24 (limiting Plaintiff to
6  sitting for *at least* six hours of an eight hour day, and lifting and/or carrying *20*
7  *pounds*).)

8      Yet, despite apparently rejecting Dr. Rubanenko's opinion, the ALJ's decision
9  never voiced a single criticism of the opinion. Indeed, to the contrary, the ALJ gave
10 the opinion "great weight" and even credited it as "a longitudinal perspective on
11 [Plaintiff's] health." (AR at 26.) Given these facts, the ALJ either rejected Dr.
12 Rubanenko's opinion, or simply failed to fully consider it when determining
13 Plaintiff's RFC. Rather than find error at this point, the Court will instead give the
14 ALJ the benefit of doubt and assume that some portion of Dr. Rubanenko's opinion
15 was rejected.

16     B.    <u>The ALJ Did Not Provide Specific and Legitimate Reasons for
17         Rejecting Dr. Rubanenko's Opinion</u>

18     In light of the ambiguity described above, it is not surprising that the ALJ did
19 not offer any clear reasons supporting his rejection of Dr. Rubanenko's opinion. As
20 to this deficiency, Defendant asserts that the ALJ need not state his reasoning
21 explicitly, but rather it is the Court that must draw inferences from the ALJ's
22 decision. (Joint Stip. at 11-12.); *Magallanes*, 881 F.2d at 755.

23     Defendant's contention is true, however, *only* "if those inferences are there to
24 be drawn." *Magallanes*, 881 F.2d at 751. In other words, there must be some basis
25 in the language of the decision from which the Court may build upon. *See id.* at 755
26 ("we are not deprived of our faculties for drawing specific and legitimate inferences
27 *from the ALJ's opinion*. It is proper for us to *read the paragraph* discussing [a
28 treating physician's] findings . . . and draw inferences [from it]" (emphasis added)).

3

1    Here, as Defendant points out, ample reasons exist in the record to reject Dr.
2    Rubanenko's opinion.  (*See* Joint Stip. at 12-15.)  After all, Doctors Siciarz, Vu, and
3    Ahmed all assigned numerous work limitations that differ from Dr. Rubanenko's
4    and would support the ALJ's RFC determination.  (*See* AR at 75-99, 1175-79, 1180-
5    85.)  For instance, all three physicians found, as the ALJ did, that Plaintiff can lift
6    and/or carry 20 pounds occasionally and 10 pounds frequently.  (AR at 77, 1178,
7    1181.)  Similarly, Doctors Vu and Ahmed, like the ALJ, limited Plaintiff to sitting
8    for up to six hours, while Dr. Siciarz did not even restrict Plaintiff's sitting.  (AR at
9    77-78, 1178, 1181.)

10   Nevertheless, absent some basis in the ALJ's decision, the Court cannot infer
11   any of these reasons.  In his decision, the ALJ merely restated the opinions of
12   Doctors Siciarz, Vu, and Ahmed without discussing their merits or relation to Dr.
13   Rubanenko's work limitations.  (*See* AR at 24-26.)  At best, the ALJ vaguely
14   concurred with these contrary opinions as a whole and without any specificity.  For
15   example, the ALJ found Dr. Siciarz's opinion to be "generally consistent" with Dr.
16   Ahmed's.  (AR at 25.)  Further, the ALJ "generally concur[red]" with the testimony
17   of Dr. Vu because the record "generally support[ed]" it.  (AR at 26.)  This mere
18   mentioning of contrary opinions provides no basis for any specific inferences
19   regarding Dr. Rubanenko's opinion.  Thus, the Court is unable to find any specific
20   and legitimate reasons supporting the ALJ's credibility determination here.

21   Accordingly, the Court determines that the ALJ improperly discredited the
22   opinion of Dr. Rubanenko.

23   C.    Remand is Warranted

24   With error established, this Court has discretion to remand or reverse and
25   award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no
26   useful purpose would be served by further proceedings, or where the record has been
27   fully developed, it is appropriate to exercise this discretion to direct an immediate
28   award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, Dr. Rubanenko's credibility must be properly assessed and explained. Therefore, on remand, the ALJ shall reevaluate the opinions of Dr. Rubanenko and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[3]

Dated: October 30, 2012

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[3] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 17-18, 26-27, 27-28, 33-34, 34-35, 37.)

5